Filed 12/10/21  P. v. Rowley CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093342 |
| Plaintiff and Respondent, | (Super. Ct. No. 17CF04032) |
| v. | |
| WILLIAM MICHAEL ROWLEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant William Michael Rowley has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## I. BACKGROUND

In August 2017, defendant was staying with his father. The two got into an argument over how long defendant could stay, and defendant hit the father several times with his hands and damaged the bathroom door. Police arrived but left at the father's request because it seemed to be making defendant more agitated. Approximately two hours later, the father called police again, saying defendant would not stop hitting him. When officers arrived, defendant resisted arrest and threatened an officer with a machete.

Defendant was charged with resisting an executive officer (Pen. Code, § 69, subd. (a)—count 1),[1] misdemeanor battery (§ 242—count 2), vandalism causing more than $400 damage (§ 594—count 3), and misdemeanor resisting arrest (§ 148, subd. (a)—count 4). With respect to count 1, it was further alleged defendant had personally used a deadly and dangerous weapon. (§ 12022, subd. (b)(1).)

In September 2017, defendant pled guilty to counts 3 and 4. The remaining charges were dismissed with a *Harvey* waiver.[2] In November 2017, the trial court suspended imposition of sentence and placed defendant on probation for 36 months. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 probation revocation fine (suspended unless probation is revoked) (§ 1202.44), an $80 court operations fee (§ 1465.8, subd. (a)(1)), a $60 criminal conviction assessment fee (Gov. Code, § 70303), a $10 theft fine (§ 1202.5) plus surcharges and assessments of $29 (§§ 1465.7, 1464; Gov. Code, §§ 70372, subd. (a), 76000, 76104.6, 76104.7), and a $25 booking fee (Gov. Code, § 29550, subd. (c)).

Petitions alleging defendant violated his probation and requesting defendant's probation be revoked were filed in March 2018, December 2018, July 2019, January

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal. 3d 754.

2020, and July 2020. The court reinstated and continued defendant's probation following the filing of the first four petitions. In January 2019, defendant pled no contest in case No. 18CM07365 to misdemeanor assault (§ 245, subd. (a)(1)) and was ordered to serve 30 days in county jail for the probation violation in the instant case (with credit for time served).

In October 2020, defendant admitted he was in violation of probation as alleged in the July 2020 petition (failure to report to the probation officer since June 26, 2020). In November 2020, the trial court revoked and denied probation and sentenced defendant to county jail for two years for the vandalism charge (§ 594) and one year concurrent for the resisting arrest charge (§ 148). In addition to the previously imposed fines and fees, the trial court imposed a $300 parole revocation fine (suspended unless parole is revoked). (§ 1202.45.) The court also awarded credit for time served.

Defendant did not seek a certificate of probable cause on appeal.

## II. DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no other arguable error that would result in a disposition more favorable to defendant.

# III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

MAURO, J.

4